Richardson, Ch. J.,
delivered the opinion of the court:
The claimant was an enlisted man and sergeant in the Army of the United States. Availing himself of the regulations providing for the promotion of meritorious non-commissioned officers, he successfully passed two examinations, and was recommended for appointment as second lieutenant by the examining board of officers. Thereupon; and before the expiration of his term of enlistment, he was appointed second lieutenant August 4,1884, accepted the appointment, and was discharged as an enlisted man August 7,’to date from August 6, 1884.
He brings this action to recover travel pay and commutation of subsistence from the place of his discharge to the place of his enlistment under the following section of the Revised Statutes as amended by the Act of February 27, 1877, chapter 69 (Supp. to Rev. Stat., p. 268, par. 39).
“Sec. 1290. When a soldier is [honorably) discharged from the service [except by way of punishment for an offense] he shall be allowed transportation and subsistence from the place of his discharge to the place of his enlistment, enrollment, or *487 original muster into the service. The Government may furnish the same in kind, but in case it shall not do so, he shall be allowed travel pay and commutation of subsistence for such time as may be sufficient for him to travel from the place of discharge to the place of his enlistment, enrollment, or original muster into the service, computed at the rate of one day to every twenty miles.”
The object of the statute is to return a soldier, when he honorably leaves the service, to the place whence he was taken at the time of his enlistment, or in lieu thereof to give him money sufficient to pay the expenses of his return. He need not return unless he so desires. If the Government offers to transport him he need not accept the offer; and if he is paid the commutation money, he need not use it for that purpose.
But he must be out of service, so that the United States . have no further claim on him and he has a right to go where he pleases.
In our opinion the claimant’s case does not come within the letter or the spirit of the law. He was not “ discharged from the service,” as required by the language of the statute before he could become entitled to transportation or commutation; but he was discharged as an enlisted man, according to the very words of his discharge. He was promoted, and that of itself relieves him from his enlistment. No discharge was necessary, and none such as the statute contemplates was given. He was . continuously in service, and was never for a moment in a condition to demand transportation iu kind nor to go where he pleased. On the very day of his appointment, three days before his formal discharge as an enlisted man, he was ordered, as a second lieutenant, to join his company at a distant place in the Indian Territory, to which he proceeded. For that he was paid mileage as an officer at a rate greater than he would have been entitled to for transportation and subsistence if he had been discharged from the service.
The Government did better by him than to hold him to his original contract of five years’ enlistment with soldier’s pay and transportation to the place whence he came upon honorable discharge from the service.., It released him from that contract in the midst of the term, and promoted him to be an officer, with better duty and higher pay, and so never discharged him from the service.
The petition must be dismissed.