Campbell, Chief Justice,
delivered the opinion of the court.
The act of August 29, 1916, 39 Stat., 589, provides a gratuity for uniform to officers of the Naval Reserve Force, and this gratuity was credited to plaintiff, was afterwards checked against his account, was again credited, and again checked against his account, and he now sues for it. There can be no doubt that he is entitled to the amount claimed, unless he is to be deprived of it because of the provision in the act “that should any member of the Naval Reserve Force sever his connection with the service without compulsion on the part of the Government before the expiration of his term of enrollment, the amount so credited shall be deducted from any money that may be or may become due him.”
The plaintiff had been enrolled as an ensign in the Naval Reserve Force and was holding that office when there was issued from the Navy Department an authorized order directed to him and stating “ You are this day discharged from the U. S. Naval Reserve Force for the convenience of the Government.” This order bears date January 31, 1918, and on the next day the plaintiff accepted a commission as temperory ensign in the Regular Navy. On July 1, 1918, he was commissioned a temporary lieutenant, junior grade, and served as such generally on ship until May 21, 1919, when his resignation from the service was accepted.
Explanatory of the order of January 31, 1918, it is stated by the Assistant Comptroller that the plaintiff was disen-rolled from the Naval Reserve Force on January 31, 1918, “ that he might be eligible to accept a commission as tempo *502 rary ensign in the Regular Navy, which commission he received and accepted on February 1, 1918.”
It was held that plaintiff severed his connection with the service without compulsion on the part of the Government.
It is not necessary in this case that it be conceded that the severance of “ connection with the service ” mentioned in the act refers to the Naval Reserve Force alone and does not involve the broa,der service into which the plaintiff was promoted. Nor is it necessary to a decision that it be held that the plaintiff severed his connection with “ the service.” However, in Reichman’s ease, 24 C. Cls., 485, the question arose as to whether the soldier had been “ discharged from the service,” and it was held that his connection with the Army was not actually severed when his discharge was consequent to his promotion, and merely a formality in his promotion. And in Alger's case, 151 U. S., 362, 365, where the question was whether the officer’s “ actual service was for two distinct periods, or for a single and continuous period of time,” it was said:
“His express resignation of the lower office the very day before his appointment to the higher office, and when he must have known of and counted upon the coming appointment, was evidently tendered with no intention of leaving the service, and wras but equivalent to the resignation which the law would have implied from his acceptance of the higher office.”
See also Hull’s case, 38 C. Cls.. 407.
If it be said that the plaintiff’s connection with the service was severed, it is manifest that the order of January 31,1918, was effective for that purpose, and it does not appear otherwise how any severance was produced. The plaintiff had not then resigned, nor had he accepted the office to which he was appointed on February 1,1918. If the order were not a mere formal one, made in contemplation of his promotion, it would be sufficient of itself to produce a severance from the service that was not a voluntary one within the meaning of the act in question.
The act of July 1, 1918, 40 Stat., 711, provides that the clothing gratuity credited to members of the Naval Reserye Force shall not be deducted from their accounts where such members accept, or have accepted, temporary appointment. *503 in the Navy in time of war, and this act would be sufficient to protect the plaintiff’s account against checkage if it had not already occurred. See In re Harold W. Brooks, decided by the Comptroller January 31,1920. But we are of opinion that the mere fact that the plaintiff’s account had been checked should not deprive him of a right which would be accorded him if the account had not been checked.
Judgment in his favor will be granted for the uniform gratuity, and it is so ordered.
Geaham, Judge; Hay, Judge; DowNey, Judge; and Booth, Judge, concur.