Hat, Judge,
delivered the opinion of the court:
This case is similar to the case of Price v. United States reported in 55 C. Cls. 499.
In that case the court said: “ The act of August 29, 1916, 39 Stat. 589, provides a gratuity for uniform to officers of the Naval Reserve Force. * * * There can be no doubt that he [the plaintiff]'is entitled to the amount claimed, unless he is to be deprived of it because of the provision in the act ‘that should any member of the Naval Reserve Force sever his connection with the service without compulsion on the part of the Government before the expiration of his term of enrollment, the amount so credited shall be deducted from any money that may be or may become due him.’ ”
So in the case at bar this plaintiff is entitled to the amount unless he is to be deprived of it by reason of the provision of the act above quoted.
Price was discharged from the United States Naval Reserve Force for the convenience of the Government, and this court held that Price severed his connection with the service by reason of the order discharging him from the service, and that such severance from the service was not a voluntary one within the meaning of the act, and that therefore Price was entitled to the uniform gratuity.
In the case at bar the plaintiff Slaymaker resigned from the service by letter, and the Government therefore contends that his severance from the service was voluntary and came within the meaning of the act, and that he is therefore not entitled to the uniform gratuity.
*298 The plaintiff was induced to write his letter of resignation under the following circumstances:
The plaintiff had been enrolled as an ensign in the Naval Deserve Force, and was holding that office when there was issued from the Navy Department the circular letter which is set out in the findings, and in that letter the following occurs:
“ Inclosed is an appointment as temporary ensign in the United States Navy. Before this temporary appointment is accepted it will be necessary for the recipient to resign his enrollment as ensign in the United States Naval Deserve Force.” This was, in effect, to say to the plaintiff that unless he resigned his enrollment in the Naval Deserve Force he could not be appointed to the office of temporary ensign in the United States Navy. He was compelled to .resign his enrollment before he could accept the office tendered him, and he therefore did resign his enrollment in the Naval Deserve Force and was on the- nest day after his resignation appointed a temporary ensign in the United States Navy. The circular letter also contained the following:
“The uniform gratuity of $150 which has been paid to reserve officers must be refunded if this temporary commission is accepted, since he is leaving the Deserve Force of his own volition and not by compulsion on the part of the Navy Department.”
This circular letter is nothing more nor less than a threat that the plaintiff must give up his uniform gratuity or his appointment as temporary ensign in the United States Navy. We conclude that his severance from the service was not a voluntary one within the meaning of the act. In fact, the plaintiff, when he resigned his enrollment in the Naval Deserve Force, did so merely as a formality and not for the purpose of leaving the service of the United States. He had no intention of leaving the service, and his resignation of his enrollment was but equivalent to the resignation which the law would have implied from his acceptance of the office of temporary ensign in the Navy. Price v. United States, supra; Reichman’s case, 24 C. Cls. 485; Alger’s case, 151 U. S. 362; and Hulls case, 38 C. Cls. 401.
*299 That Congress intended that the uniform gratuity should not be taken from Naval Eeserve officers is evidenced by the act of July 1, 1918, 40 Stat. 711, which provides: “ That no part of the clothing gratuity credited to members of the Naval Eeserve Force shall be deducted from their accounts when said members accept or have accepted temporary appointments in the Navy in time of war or other national emergency.’’'
This act was passed after the date of the circular letter above cited, and after there had been deducted from the account of the plaintiff and others the clothing gratuity which had been credited to them. The act could have no other purpose than to prevent this deduction and to restore to those from whose accounts it had been deducted the uniform gratuity. The words in the act, “ have accepted,” could only relate to those officers Avho had accepted “temporary appointments in the Navy ” and from whose accounts the clothing gratuity had been deducted. Congress had before it the action of the accounting officers of the Government, whereby the act of August 29, 1916, was construed to mean that these deductions must be made when an officer of the Naval Eeserve Force resigned his enrollment to accept a temporary appointment in the United States Navy. Having that decision before it, Congress passed the act of July 1, 1918, thereby construing the act of August 29, 1916, to mean that the acceptance of an appointment was not a voluntary severance from the service on the part of the officers. If the act of July 1, 1918, does not mean that it means nothing. While the general rule is that statutes shall not have a retroactive effect, yet when an act clearly intends to state the meaning of a former act, especially when doubt of its meaning had been raised, the act will be so construed as to give effect to the intent of Congress.
For the reasons above given the court is of opinion that the plaintiff is entitled to recover his uniform gratuity, amounting to the sum of $150, and judgment will be accordingly entered. It is so ordered.
Gkaham, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.